UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMAL JACKSON,

    *Plaintiff*,

v.

ATHINA SIRINGAS, KYM WORTHY,
WAYNE COUNTY PROSECUTOR'S
OFFICE, COUNTY OF WAYNE,
CHARLES ZWICKER, DETROIT
POLICE DEPARTMENT, MARK
AMOS, CITY OF DETROIT, MARK
ESTRADA, WAYNE COUNTY
SHERIFF'S DEPARTMENT, BENNY
NAPOLEON, MARLON EVANS,
DEBORAH G. BLEDOE FORD,
RICHARD M. SKUTT, METRO PCS
COMMUNICATIONS, DONALD
RICARDO SIMS, DRUG ENFORCEMENT
AGENCY, CLERK OF COURT FOR
THIRD JUDICIAL CIRCUIT OF WAYNE
COUNTY, MICHIGAN STATE ATTORNEY
GENERAL'S OFFICE, MICHIGAN
ATTORNEY GENERAL, PHILIP YAEGER,
CAPTAIN ROBERSON, SERGEANT
LOVING, JOHN DOE NOS. 1-2,
and JANE DOE NOS. 1-5,

    *Defendants*.
_____/

CASE NO. 12-CV-15474

DISTRICT JUDGE DAVID M. LAWSON
MAGISTRATE JUDGE CHARLES BINDER

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
PURSUANT TO 28 U.S.C. §§ 1915A(b), 1915e(2)(B), & 42 U.S.C. § 1997e(c)(1)**

I.      **RECOMMENDATION**

For the reasons set forth below, **IT IS RECOMMENDED** that the case be *sua sponte* **DISMISSED**.[1]

II.     **REPORT**

    A.      **Introduction**

Plaintiff Jamal Omari Jackson is currently incarcerated at the Wayne County Jail in Detroit, Michigan, awaiting a second trial on first-degree murder charges.[2] On December 13, 2012, Plaintiff filed a *pro se* Prisoner Civil Rights Complaint pursuant to 42 U.S.C. § 1983. Plaintiff's application to proceed without prepayment of fees pursuant to the *in forma pauperis* statute, 28 U.S.C. § 1915(a)(1), was granted on January 8, 2013. On January 14, 2013, U.S. District Judge David M. Lawson referred all pretrial matters to the undersigned magistrate judge. Prior to the order of reference, Judge Lawson granted a motion by Plaintiff to amend his complaint and set a deadline of February 8, 2013, for the filing of the amended pleading. (Doc. 9.) On February 6, 2013, however, Plaintiff notified the Court that he wished to "retract" his motion to file an amended complaint. (Doc. 12 ¶ 2.)

After screening the *pro se* complaint pursuant to 28 U.S.C. §§ 1915A(b), 1915e(2)(B), and 42 U.S.C. § 1997e(c)(1), I conclude that the case is ready for Report and Recommendation.

---

[1] In the event this Report and Recommendation is adopted, Plaintiff's pending Motion Requesting Immediate Transfer to Different Facility (Doc. 13) will be moot.

[2] According to the Wayne County Circuit Court docket, Plaintiff's first jury trial ended in a hung jury on June 5, 2012, and a second trial is scheduled for June 3, 2013. *See State of Michigan v. Jamal Jackson,* Case No. 11-011850-01-FC, at https://cmspublic.3rdcc.org/CaseDetail.aspx?CaseID=1166842 (viewed on March 12, 2013).

2

**B.     Governing Law**

This case is subject to screening under several provisions of the United State Code. Pursuant to 28 U.S.C. § 1915A, 28 U.S.C. § 1915(e), and 42 U.S.C. § 1997e(c)(1), the Court is to *sua sponte* dismiss the case before service on defendants if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.

When the court screens a complaint where a plaintiff is proceeding without the assistance of counsel, the court is required to liberally construe the complaint and hold it to a less stringent standard than a similar pleading drafted by an attorney. *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). Rule 8(a) sets forth the basic federal pleading requirement that a complaint "must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8 requires "that the complaint give the defendant fair notice of the claim and its supporting facts." *E.E.O.C. v. J.H. Routh Packing Co.*, 246 F.3d 850, 854 (6th Cir. 2001).

A civil rights action under 42 U.S.C. § 1983 consists of two elements: (1) the defendant acted under color of state law; and (2) the offending conduct deprived the plaintiff of rights secured by federal law. *Bloch v. Ribar*, 156 F.3d 673, 677 (6th Cir. 1998) (citing *Parratt v. Taylor*, 451 U.S. 527, 535, 101 S. Ct. 1908, 68 L. Ed. 2d 420 (1981)). "If a plaintiff fails to make a showing on any essential element of a § 1983 claim, it must fail." *Redding v. St. Eward*, 241 F.3d 530, 532 (6th Cir. 2001). Liability of each individual defendant must be based upon that defendant's personal involvement. Thus, plaintiffs must allege that they suffered a specific injury as a result of specific conduct of a defendant and show an affirmative link between the injury and

the conduct of that defendant. *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377, 96 S. Ct. 598, 46 L. Ed. 2d 561 (1976).

**C.   The Complaint**

Plaintiff has filed a 431-paragraph, 131-page complaint against 30 defendants, including the prosecuting attorney of Wayne County, Michigan, the judge who presided over Plaintiff's 2012 murder trial, the Detroit Police Department, the Wayne County Sheriff's Department, the sheriff himself, the "Drug Enforcement Agency," the Michigan State Attorney General's Office, the assistant prosecutor at Plaintiff's first trial, and others.

Plaintiff's complaint contains a detailed recitation of the state court criminal case against him, including factual background, procedural pre-trial events, evidence presented at the first trial, and arguments made by the prosecutor. (Compl., Doc. 1 ¶¶ 32-197.) Plaintiff alleges that several witnesses lied and further alleges that the prosecutors, police officers, witnesses, and judge are "all working together individually, collectively, directly and indirectly to deprive Plaintiff of his liberties." (*Id.* ¶ 198.)

Beginning with paragraph 199, Plaintiff alleges that "Wayne County, Sheriff's Dept. and [Sheriff] Napoleon has [sic] a history of creating policies and customs as well as the lack of policies and customs that encourages, allows, and fails to prevent the deprivation of inmates' liberties and constitutional rights." (*Id.* ¶ 199.) The following 89 paragraphs list the conditions at the Wayne County Jail to which Plaintiff objects. He alleges that: his mother was not allowed to remove cash from his jail property; his life was placed in jeopardy on August 10, 2012, when an arrestee was allowed inside the jail facility with a gun; he is not allowed to have ink pens, pencil sharpeners, or erasers; "Sheriff's Dept. neglects to given Plaintiff important mail for weeks or

4

months at a time or sometimes not at all"; at times he was only allowed to use the copy machine if his court hearing was within the next 2 days; he has been "denied access to law library many times since September 2011"; the law library is understaffed and contains out of date books; it takes days for his phone account to be credited when he adds money to it; he has been verbally threatened by a guard; the main elevator jumps and stops suddenly; "Wayne County, Sheriff's Dept. and Napoleon has a policy of strip searching Plaintiff and other inmates coming back to unit from court or medical"; birds are flying around inside the jail and no one does anything about it; the jail serves a type of drink that the guards told him cause kidney problems and cancer; the jail water comes out white and smells; the laundry isn't done in a timely manner; inmates are not given enough privacy in the shower and toilet; mattresses are torn and dirty; Plaintiff was forced to scrub graffiti off walls that was placed there months before he was even in the jail; the whole unit smells like "feces, urine, dirty clothes, and sweaty genitals"; the telephone in his unit has only been disinfected twice in four months; the unit lacks proper ventilation; there is black mold on the shower walls; the inmates are forced to clean up when the toilets overflow; Plaintiff is forced to be housed with inmates that have infectious diseases; he has been denied adequate dental care; mentally ill inmates are allowed to refuse to take their medication; mentally ill inmates are housed in general population; "Wayne County, Sheriff's Dept. and Napoleon has a policy that allows, encourages, or fails to prevent price gouging from commissary inventory"; and the grievance procedure is faulty.

Beginning with paragraph 290, Plaintiff sets forth in great detail the alleged constitutional violations that occurred before and during his first trial. He asserts the following claims: violation of due process and right to fair trial; actual conspiracy to deprive Plaintiff of his liberties; violation

5

of the right to a speedy trial; violation of the Federal Rules of Criminal Procedure; violation of the right to a fair trial; illegal search and seizure; racial discrimination; violation of the Model Rules of Professional Conduct; violation of the right to equal protection of the laws; fraud on the court; prosecutorial misconduct; intentional infliction of emotional distress; malicious and vindictive prosecution; violation of the right to be free from double jeopardy under the Michigan and U.S. Constitutions; judicial misconduct; ineffective assistance of counsel; defamation of character; obstruction of justice. (*Id.* ¶¶ 290-373.)

With regard to the alleged conditions at the Wayne County Jail, Plaintiff asserts claims of: cruel and unusual punishment; denial of access to the courts; involuntary servitude; intentional infliction of mental and emotional injury; deliberate indifference to a serious risk of harm from exposure to bio-hazards; deliberate indifference to serious dental needs; deliberate indifference to safety; racial discrimination; denial of access to the courts; obstruction of justice; and civil RICO violation. (*Id.* ¶¶ 374-431.)

Plaintiff does not seek damages, but rather seeks only declaratory and injunctive relief, including: an order restraining the state court officials from continuing to prosecute the murder case against him, declaratory judgments against all defendants for constitutional violations, and an injunction ordering his immediate release from custody. (*Id.* at 127-131.)

### D.     Analysis & Conclusion

Rule 8(a) requires a plaintiff to file a complaint that sets forth "a short and plain statement of the claim . . . ." Fed. R. Civ. P. 8(a)(2). In addition, Rule 8(d)(1) states that "[e]ach allegation must be simple, concise, and direct." Clearly, the 431-paragraph complaint in this case cannot be considered a "short and plan statement of the claim." When a pleading is this verbose, the

complaint should be dismissed for failure to comply with the Federal Rules of Civil Procedure. *See Flayter v. Wisconsin Dep't of Corr.*, 16 F. App'x 507, 509 (7th Cir. 2001) (116-page 242-paragraph prisoner civil rights complaint "would, because of its length and level of detail, present a challenge to the defendants in filing a responsive pleading" and was a violation of Rule 8(a)(2)); *McHenry v. Renne*, 84 F.3d 1172, 1180 (9th Cir. 1996) ("Something labeled a complaint but written more as a press release, prolix in evidentiary detail, yet without simplicity, conciseness and clarity as to whom plaintiffs are suing for what wrongs, fails to perform the essential functions of a complaint."); *Vicom v. Harbridge Merchant Servs., Inc.*, 20 F.3d 771, 775-76 (7th Cir. 1994) (criticizing district court for declining to dismiss with prejudice pursuant to Rule 8(a); noting that "[a] complaint that is prolix and/or confusing makes it difficult for the defendant to file a responsive pleading and makes it difficult for the trial court to conduct orderly litigation); *Plymale v. Freeman*, No. 90-2202, 1991 WL 54882 (6th Cir. Apr. 12, 1991) (affirming dismissal with prejudice for failure to comply with Rule 8). These cases teach that complaints such as that now before the court merit dismissal. Accordingly, I suggest that this case be dismissed for failure to comply with Rule 8 of the Federal Rules of Civil Procedure.

I further suggest that Plaintiff not be allowed to amend his complaint to avoid dismissal. The Sixth Circuit has held that, in prisoner cases where the plaintiff is proceeding *in forma pauperis*, "[t]he district court must dismiss a complaint without first affording a plaintiff leave to amend." *Bright v. Thompson*, No. 11-5732, 2012 WL 833662, at *1 (6th Cir. March 13, 2012) (citing *Benson v. O'Brian*, 179 F.3d 1014, 1015-16 (6th Cir. 1999)). *See also Cantley v. Armstrong*, No. 09-1092, 2010 WL 3245548, at * 1 (6th Cir. 2010) ("district courts are not to permit plaintiffs to amend a complaint to avoid dismissal"); *Shorter v. Campbell*, 59 F. App'x 673,

7

675 (6th Cir. 2003) ("As the plaintiffs' complaint was dismissible under 42 U.S.C. §§ 1915(e) and 1915A, they did not have the right to amend their complaint prior to dismissal."); *McGore v. Wrigglesworth*, 114 F.3d 601, 612 (6th Cir. 1997); *Ashley v. Wilson*, No. 10-10512, 2010 WL 1246525, at *1 (E.D. Mich. March 25, 2010) ("The Court does not have discretion to allow prisoners filing suit *in forma pauperis* to amend their complaint to avoid *sua sponte* dismissal . . . ."); *Corrion v. Ludwick*, No. 09-11531, 2009 WL 3273737, at *1 (E.D. Mich. Oct. 13, 2009) ("prisoners may not alter or amend their complaints to avoid a summary dismissal"); *McGore v. Lutz*, No. 09-13031, 2009 WL 2959874, at *1 (E.D. Mich. Sept. 11, 2009).

In addition to being in violation of Rule 8, I also suggest that the complaint is in violation of the rules governing joinder. *See* Fed. R. Civ. P. 18, 20. In *George v. Smith*, 507 F.3d 605 (7th Cir. 2007), the plaintiff filed a prisoner civil rights complaint asserting 50 claims against 24 defendants. The Court of Appeals for the Seventh Circuit explained the application of the joinder rules:

> [M]ultiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees – for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g).

*Id.* at 607. *See also Prince v. Elum*, No. 12-15526 (E.D. Mich. Jan. 14, 2013) (order *sua sponte* severing claims in prisoner civil rights case for misjoinder) (J. Rosen).

In this case, Plaintiff has attempted to combine into one lawsuit many unrelated claims against many different defendants. The majority of Plaintiff's claims relate to alleged constitutional

violations during the prosecution of his criminal case and are asserted against the prosecutors, judge, and other who participated in that prosecution, while the remainder of Plaintiff's claims assert that the conditions at the Wayne County Jail are unconstitutionally substandard and the defendants in those claims are the sheriff and others responsible for the jail. Clearly, these are "unrelated claims against different defendants [that] belong in different suits." *George*, 507 F.3d at 607.

### III. REVIEW

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2). *See also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

s/ Charles E. Binder
CHARLES E. BINDER
Dated: March 15, 2013         United States Magistrate Judge

**CERTIFICATION**

      I hereby certify that this Report and Recommendation was electronically filed this date, served by first class mail on Jamal Jackson, #2011022647, Wayne County Jail, Div. 2, 525 Clinton St., Detroit, MI, 48226-2317; and served on District Judge Lawson in the traditional manner.

Date: March 15, 2013                  By    s/*Jean L. Broucek*
                                                  Case Manager to Magistrate Judge Binder