**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**

No. 13-2123

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
May 15, 2014
DEBORAH S. HUNT, Clerk

JAMAL JACKSON,

Plaintiff-Appellant,

v.

ATHINA T. SIRINGAS, et al.,

Defendants-Appellees.

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN

O R D E R

Before: BATCHELDER, Chief Judge; GILMAN and GRIFFIN, Circuit Judges.

Jamal Jackson, a Michigan prisoner proceeding pro se, appeals from the district court's order dismissing his civil rights complaint for failure to state a claim. This case has been referred to a panel of the court pursuant to Federal Rule of Appellate Procedure 34(a)(2)(C). Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R. App. P. 34(a).

In December 2012, Jackson filed a civil suit against a number of defendants. At the time, he was confined in a Wayne County, Michigan jail awaiting his second trial on charges of assault, murder, and firearms violations. Jackson's first trial started in May 2012, but it ended in a mistrial. Jackson has since pleaded nolo contendere to being an accessory after the fact to a felony and to possession of a firearm during the commission of a felony, and he is now confined at the Michigan Department of Corrections' Kinross Correctional Facility.

Jackson filed his complaint under 42 U.S.C. § 1983, claiming that the various defendants conspired to violate his constitutional rights through numerous acts and omissions. His claims

divide broadly into two categories: (1) claims of constitutional errors and violations of Jackson's rights in the course of his criminal prosecution, and (2) complaints about various conditions of confinement that Jackson endured while confined at the Wayne County jail. Upon initial screening, the district court dismissed all of the claims. *See* 28 U.S.C. §§ 1915(e)(2), 1915A. Jackson appeals.

We review de novo a district court's decision to dismiss a prisoner's complaint pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). *Hill v. Lappin*, 630 F.3d 468, 470 (6th Cir. 2010). Both § 1915(e) and § 1915A require the district court to screen cases at the time of filing and to dismiss those that fail to state a claim for relief. *Id*. To state a claim under § 1983, a plaintiff must allege facts that, when construed favorably, establish that a person acting under the color of state law deprived him of a right secured by the Constitution or laws of the United States. *Heyne v. Metro. Nashville Pub. Sch.*, 655 F.3d 556, 562 (6th Cir. 2011). Although a pro se litigant is entitled to a liberal construction of his pleadings and filings, the complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In addition, § 1915(e)(2)(B)(i) and § 1915A(b)(1) give "the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

In the first category of claims, Jackson alleges constitutional errors and violations of his rights in the course of his criminal prosecution. More specifically, Jackson alleges that two judges, the prosecuting attorney of Wayne County, Michigan, the assistant prosecutor involved in his first trial, the Detroit Police Department, a number of police officers, the Drug Enforcement Agency (DEA), the Michigan Attorney General's Office, the clerk of the court, his defense attorney, and two witnesses who testified against him violated his rights in various ways.

The district court properly dismissed the claims against Jackson's defense attorney, Marlon Evans, and the civilian witnesses who testified at Jackson's trial, Donald Sims and Philip Yaeger. These defendants are not alleged to be state actors, as they must be in order for their conduct to be subject to § 1983. *See Wolotsky v. Huhn*, 960 F.2d 1331, 1335 (6th Cir. 1992); *see*

*also Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981); *Moldowan v. City of Warren*, 578 F.3d 351, 399 (6th Cir. 2009).

The district court properly dismissed the claims against the prosecutors, judges, and the court clerk because they are entitled to absolute prosecutorial, judicial, or quasi-judicial immunity for their conduct relating to the litigation of Jackson's criminal charges. *See Mireles v. Waco*, 502 U.S. 9, 10 n.1, 11-12 (1991); *Cooper v. Parrish*, 203 F.3d 937, 946, 948 (6th Cir. 2000).

The district court properly dismissed any claims against the DEA because Jackson alleges no wrongful conduct on the part of this defendant. Nothing in the complaint demonstrates how any actions of the agency were improper or how any improper conduct affected Jackson's rights. On appeal, Jackson asserts that the facts alleged demonstrate that the DEA intimidated and coerced witnesses to his detriment, but his interpretation of the allegations is simply implausible.

The district court properly dismissed the claims against the Michigan Attorney General and the Michigan Attorney General's Office because Jackson failed to allege that these defendants were either personally responsible for any violation of his constitutional rights or condoned, encouraged, or knowingly acquiesced in any unconstitutional conduct. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). While Jackson correctly argues that direct participation is not required for liability under 42 U.S.C. § 1986, he failed to sufficiently plead facts supporting any civil-conspiracy claims.

The district court properly dismissed Jackson's claims of conspiracy. "Claims of [civil] conspiracy must be pled with some specificity: vague and conclusory allegations that are unsupported by material facts are not sufficient to state a § 1983 claim." *Farhat v. Jopke*, 370 F.3d 580, 599 (6th Cir. 2004); *see Spadafore v. Gardner*, 330 F.3d 849, 854 (6th Cir. 2003). Jackson's civil conspiracy claims have been and remain entirely conclusory. Although he describes the activities of multiple individuals, his filings do not contain any allegations describing a conspiracy with any specificity.

The district court concluded that the remaining claims in the first category must be dismissed because they are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). Under *Heck*, a

prisoner cannot bring a civil rights action if a ruling on his claims would necessarily imply the invalidity of his conviction and confinement, until the conviction has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus. 512 U.S. at 486-87. "This [requirement] ensures that habeas corpus remains the exclusive remedy for criminal defendants who have not obtained a favorable termination in their criminal proceedings and does not allow duplicative, collateral attack of convictions or sentences through § 1983 actions." *S.E. v. Grant Cnty. Bd. of Educ.*, 544 F.3d 633, 637 (6th Cir. 2008). To this end, *Heck* not only bars § 1983 actions that directly challenge confinement, but also those that challenge procedures which necessarily imply unlawful confinement. *See Edwards v. Balisok*, 520 U.S. 641, 646 (1997); *see also Heck*, 512 U.S. at 486-87 & n.6. A prisoner's § 1983 claim that challenges his confinement must be dismissed regardless of whether he seeks injunctive or monetary relief. *Heck*, 512 U.S. at 489-90; *Preiser v. Rodriguez*, 411 U.S. 475, 488-90 (1973).

The remaining claims in the first category primarily challenge the police investigation of the crimes with which Jackson was charged. "[A] challenge to a criminal investigation that led to a conviction necessarily challenges the validity of the conviction, and therefore falls within the *Heck* framework." *Morris v. City of Detroit*, 211 F. App'x 409, 411 (6th Cir. 2006). Accordingly, the district court properly concluded that these claims were barred by *Heck*.

In the second category of claims, Jackson sues the Wayne County Sheriff's Department, the sheriff himself, a number of corrections officers and other jail employees, a law librarian, a social worker, and Metro PCS Communications. He asserts a number of claims regarding the conditions of his confinement, including claims that he has been subjected to cruel and unusual punishment in a variety of ways and denied access to the courts. Jackson does not seek monetary damages but rather seeks only declaratory and injunctive relief. Because Jackson is now incarcerated at a state-run institution in the custody of the Michigan Department of Corrections, he is no longer subject to the conditions of confinement of the Wayne County jail. As a result, Jackson's requests for injunctive and declaratory relief regarding the conditions of his

confinement are moot. *See Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996); *see also Colvin v. Caruso*, 605 F.3d 282, 289 (6th Cir. 2010).

Finally, to the extent that Jackson asserted violations of state law, Jackson abandoned those pendent state-law claims because he does not address them on appeal. *See Enertech Elec., Inc. v. Mahoning Cnty. Comm'rs*, 85 F.3d 257, 259 (6th Cir. 1996).

For the foregoing reasons, we affirm the district court's order dismissing Jackson's complaint. Fed. R. App. P. 34(a)(2)(C). We deny Jackson's motion for the appointment of counsel on appeal.

ENTERED BY ORDER OF THE COURT

Deborah S. Hunt, Clerk

**UNITED STATES COURT OF APPEALS**
FOR THE SIXTH CIRCUIT

Deborah S. Hunt
Clerk

100 EAST FIFTH STREET, ROOM 540
POTTER STEWART U.S. COURTHOUSE
CINCINNATI, OHIO 45202-3988

Tel. (513) 564-7000
www.ca6.uscourts.gov

Filed: May 15, 2014

Mr. Jamal Jackson
Kinross Correctional Facility
16770 S. Watertower Drive
Kincheloe, MI 49788

Ms. Ellen Sharf
Office of the General Counsel
2 Woodward
Suite 742 City County Building
Detroit, MI 48226

Re: Case No. 13-2123*, Jamal Jackson v. Athina Siringas, et al*
Originating Case No. : 2:12-cv-15474

Dear Sir or Madam,

The Court issued the enclosed (Order/Opinion) today in this case.

Sincerely yours,

s/Robin Duncan
Case Manager
Direct Dial No. 513-564-7027

cc: Mr. David J. Weaver

Enclosure

Mandate to issue